# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OLIVER D.,** | Civil Action No. 20-6576 (SDW) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **TSOUKARIS,** | |
| **Respondent.** | |

**IT APPEARING THAT:**

1. On or about May 28, 2020, Petitioner Oliver D. filed his habeas petition in this matter. (ECF No. 1). In his petition, Petitioner raised two claims – a claim in which he challenged the denial of humanitarian parole following the illness and eventual death of his sister, and a group of related claims in which he seeks his release based on challenges to the conditions of confinement to which he was then subject at the Essex County Correctional Facility as a result of his sexuality, attacks on his person, and the facility's medical treatment of Petitioner related to his treatment for COVID-19. (*Id.* at 9-10).

2. Petitioner did not initially pay the filing fee. Following several orders of the Court, however, Petitioner ultimately paid the applicable filing fee on September 29, 2020. (ECF Docket Sheet).

3. Prior to paying the filing fee, however, Petitioner was transferred out of the Essex County Correctional Facility to a detention facility in Miami, Florida. (*See* ECF Nos. 12, 14-15). Although Petitioner complains in various letters that the conditions in the Miami facility are little better than those he faced in Essex County, he has not filed an amended petition or otherwise

1

amended his habeas petition to include claims regarding his treatment or the conditions in Miami. (*Id.*).

4.  Because Petitioner has now paid the applicable filing fee, this Court is required pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5.  Turning first to Petitioner's challenge to the denial of his requests for humanitarian parole, the Court notes that it has no authority or jurisdiction to second-guess the Government's discretionary decision regarding release on humanitarian parole. *See, e.g., Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *8 (D.N.J. Jan. 29, 2018). Thus, Petitioner's claim in which he appears to assert that he was improperly denied humanitarian parole must be dismissed.

6.  In his remaining habeas claims, Petitioner requests that this Court grant him release based on the conditions of confinement to which he was subject at the Essex County Correctional Facility, both those related to his medical treatment and other conditions including the threat of attack based on his sexuality. Petitioner, however, is no longer subject to those conditions – by his own admission he has been transferred out of Essex County to a facility in Miami, Florida, and there is nothing before this Court which suggests Petitioner is in any way likely to be returned to Essex County. Because Petitioner is no longer subject to the challenged conditions insomuch as he is no longer detained at the Essex County facility, this Court no longer has an opportunity to provide Petitioner with meaningful relief in regards to his claims regarding the conditions of confinement at Essex County, and Petitioner's conditions of confinement claim must therefore be

dismissed as moot. *See, e.g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

7. Finally, the Court notes that Petitioner has, in his letters, taken issue with the conditions to which he has been exposed in the Miami, Florida, facility following his transfer. Because Petitioner has not amended his habeas petition to contain any clear claims challenging his detention in Miami, this Court need not, and will not, address the Miami facility or its alleged conditions.[1] Petitioner is free, however, to file a new habeas petition in the appropriate district court – in this case the District Court for the Southern District of Florida – to the extent he wishes to seek release based on those conditions.

8. In conclusion, Petitioner's habeas petition is dismissed without prejudice. An appropriate order follows.

Dated: October 1, 2020             *s/Susan D. Wigenton*
                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge

---

[1] Even if Petitioner had attempted to amend his habeas petition to contain claims regarding the Miami facility, any such claim would need to be brought in Petitioner's actual district of current confinement, *see, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); 28 U.S.C. § 1631, and this Court would therefore have been inclined to transfer any such claim to the Southern District of Florida as that would be the proper and most convenient venue for claims regarding the conditions in the Miami facility. *See, e.g., Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002); 28 U.S.C. § 1406(a).